IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

CitiMortgage, Inc.;

    Plaintiff,

vs.

Ronnie L.W. Grove a/k/a Ronnie L. Grove; and Megan Fitzgerald;

    Defendants.
_____/

Case No.:

Action for Debt and Foreclosure of Real Property Mortgage

## VERIFIED COMPLAINT

Plaintiff, CITIMORTGAGE, INC., through undersigned counsel, for its complaint against Defendants, RONNIE L.W. GROVE a/k/a RONNIE L. GROVE and MEGAN FITZGERALD, states:

1. Jurisdiction is proper over this matter because this is an action to foreclose a real property mortgage, and pursuant to 28 U.S.C § 1332, due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00.

2. Venue is proper in this division because the real property at issue is located in St. Croix, U.S. Virgin Islands.

3. Plaintiff, CITIMORTGAGE, INC., is a New York corporation, whose principal place of business is in O'Fallon, Missouri.

4. Defendant RONNIE L.W. GROVE a/k/a RONNIE L. GROVE is an owner of record of the subject real property located in St. Croix, U.S. Virgin Islands, and upon information and belief, is a citizen of Corpus Christie, Texas. A copy of the Warranty Deed is attached hereto as **Exhibit A**.

5. Defendant MEGAN FITZGERALD is an owner of record of the subject real property located in St. Croix, U.S. Virgin Islands, and upon information and belief, is a citizen of St. Croix, U.S. Virgin Islands. *See* **Exhibit A**.

6. On April 4, 2006, Defendant RONNIE L.W. GROVE a/k/a RONNIE L. GROVE executed a Note in which he promised to pay the lender named therein, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., SOLELY AS NOMINEE FOR FLAGSTAR BANK, FSB, the principal sum of ONE HUNDRED ELEVEN THOUSAND ONE HUNDRED FIFTY and 00/100 U.S. Dollars ($111,150.00), together with interest at the rate of 6.5000% per annum, in equal monthly installments of SEVEN HUNDRED TWO and 54/100 U.S. Dollars ($702.54). A copy of the Note is attached hereto as **Exhibit B**.

7. The Note provides that it shall become due and payable in its entirety, without notice by reason of default in the payment or interest or principal when due, as well as any other default thereunder.

8. Repayment of the loan from Defendants, including any and all sums that they at any time and for any reason may become indebted to MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., SOLELY AS NOMINEE FOR FLAGSTAR BANK, FSB, is secured by a first priority, purchase-money Mortgage executed on April 4, 2006 by Defendant RONNIE L.W. GROVE a/k/a RONNIE L. GROVE in the principal sum of ONE HUNDRED ELEVEN THOUSAND ONE HUNDRED FIFTY and 00/100 U.S. Dollars ($111,150.00) covering the following real property:

> **PLOT NO. 10BJ CONSISTING OF 0.50 U.S. ACRES OF ESTATE COLQUOHOUN, KING QUARTER, ST. CROIX, U.S. VIRGIN ISLANDS, AS MORE FULLY SHOWN ON CADASTRAL DRAWING NO. 1919, DATED FEBRUARY 9, 1966, AS FILED IN THE LT. GOVERNOR CADASTRAL OFFICE, ST. CROIX, U.S. VIRGIN ISLANDS.**

("Mortgaged Property"). The First Priority Mortgage was recorded on April 5, 2006 at the Office of the Recorder of Deeds for the U.S. Virgin Islands, District of St. Croix at Book 1023, Page 252, as Document No 2006001577. A copy of the Mortgage is attached hereto as **Exhibit C**.

9. A Warranty Deed to Defendants RONNIE L. GROVE and MEGAN FITZGERALD was also recorded on April 5, 2006, immediately prior to the Mortgage, at the Office of the Recorder of Deeds for the U.S. Virgin Islands, District of St. Croix, at Book 1023, Page 248, as Document No 2006001576. *See* **Exhibit A**.

10. Upon information and belief, the Mortgage was a purchase money mortgage to fund Defendants' purchase of the Mortgaged Property, but due to errors committed by lender's counsel at the origination of the loan, the Mortgage neglected to include Defendant MEGAN FITZGERALD, an owner of record, as a mortgagor.

11. The Mortgage was assigned to Plaintiff, CITIMORTGAGE, INC., on August 8, 2018, by an Assignment of Mortgage recorded on August 27, 2018 at the Office of the Recorder of Deeds for the U.S. Virgin Islands, District of St. Croix, at Book 1514, Page 358, as Document No 2018003479. A copy of the assignment is hereto attached as **Exhibit D**.

12. The Note follows the Mortgage. The Mortgage provides that the borrower shall pay all payments that are due under the Note. The Plaintiff is the holder of the Note and Mortgage and is entitled to enforce the Note and Mortgage.

13. Defendants failed to comply with the terms and conditions of the Note and Mortgage and is in default under those instruments for failing to pay the principal and interest when due on February 1, 2012.

14. Notice of the default was sent to Defendant RONNIE L.W. GROVE a/k/a RONNIE L. GROVE at the property address at time of default. A copy of the letter is attached hereto as **Exhibit E**.

15. To date, the default has not been cured and Defendants remain in default under the terms of the Note and Mortgage for failing to pay the principal and interest when due.

16. During the pendency of this action and prior to the foreclosure sale of the Mortgaged Premises, Plaintiff CITIMORTGAGE, INC. may be required to pay real property taxes, insurance premiums, or other similar charges with respect to the Mortgage Premises, which, pursuant to the Mortgage, become part of the principal amount of the indebtedness and for which Plaintiff, CITIMORTGAGE, INC., is entitled to recover against Defendants; as well as costs and fees, including reasonable attorneys' fees as a result of protecting Plaintiff's legal rights, which under the provisions of the Mortgage also become a lien on the Mortgaged Premises until paid.

### Count I – Action for Debt

17. Plaintiff re-states and re-alleges the preceding paragraphs and incorporates them by reference as if fully stated herein.

18. Pursuant to the terms and conditions of the Note and Mortgage, Plaintiff has elected to declare the entire unpaid principal sum with all accrued interest and late charges due and payable, and there is, accordingly, due and owing to Plaintiff, as of November 26, 2019, the principal sum of ONE HUNDRED EIGHTY THOUSAND THREE HUNDRED SEVENTY SIX and 30/100 U.S. Dollars ($180,334.24):

| | |
|---|---|
| Principal Balance | $ 99,511.68 |
| Interest @ 6.5% (as of 11/26/2019) | $ 51,110.91 |

| | | |
|---|---|---|
| Pro Rata MIP/PMI | $ | 0.00 |
| Escrow Advance | $ | 25,861.41 |
| Total – Fees | $ | 0.00 |
| Accumulated Late Charges | $ | 140.49 |
| Other Fees Due | $ | 16.25 |
| Recoverable Balance | $ | 3,693.50 |
| **Total Amount Due:** | | **$ 180,334.24** |

plus further interest and late charges accruing until the date of judgment.

19. Plaintiff is entitled to recover all sums due under the Note from Defendants.

20. Under the terms of the Mortgage, Plaintiff is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with respect to the Mortgaged Property.

21. Under the terms of the Note and Mortgage, Plaintiff is entitled to be reimbursed for reasonable attorney fees and other expenses incurred by Plaintiff to enforce payment of the Note or incidental to foreclosure of the Mortgaged Property.

22. The amounts due under the terms and conditions of the Note are for a fixed and definite sum, or a sum that by computation can be readily ascertained.

## Count II – Foreclosure of All Liens

23. Plaintiff re-states and re-alleges the preceding paragraphs and incorporates them by reference as if fully stated herein.

24. Plaintiff is the holder of the Note and Mortgage given by Defendants encumbering the Mortgaged Property detailed above, thereby entitling it to maintain this foreclosure action.

25. Defendants are in default under the terms and conditions of the First Priority Mortgage and as a result, Plaintiff is entitled to foreclose its lien encumbering the Mortgaged Property to satisfy its Note.

26. Plaintiff is entitled to foreclosure of its lien and all other liens having a lower priority, the sale of the Property to satisfy the Note, and the recovery of any deficiency remaining after sale from Defendant(s) in accordance with V.I. CODE ANN. tit. 28, §§ 531 - 538.

### Count III – Quiet Title

27. Plaintiff re-states and re-alleges all of the previous paragraphs and incorporates them by reference as if fully stated herein.

28. Plaintiff is the mortgagee of the first priority Mortgage given by Defendants encumbering the Mortgaged Property detailed above.

29. Defendants are in default under the terms and conditions of the First Priority Mortgage and as a result, Plaintiff is entitled to foreclose its lien encumbering the Mortgaged Property to satisfy its Note by way of foreclosure sale.

30. Plaintiff or the purchaser at the foreclosure sale against is entitled to possession of the Mortgaged Property at the exclusion of Defendants or any parties alleging any right, title or interest in the Mortgaged Property through, under or against Defendants or on their behalf.

31. The aforesaid transactions, acts, and circumstances allow Plaintiff or the purchaser at the foreclosure sale to have title to the Mortgaged Property quieted against any lien or claim of right of any and all Defendants or other third parties, known or unknown, claiming any present or future right, title, estate, or interest in the Mortgaged Property.

32. Defendants and all persons claiming by, through, under or against them, have no estate, right, title, lien or interest in or to the Mortgaged Property, or any part thereof.

33. Plaintiff is entitled to an Order or Judgment perpetually enjoining Defendants and those parties claiming by, through, under or against the Defendants from asserting any right, title, claim, alleged lien, or interest in and to the Mortgaged Property.

### Count IV – Equitable Lien/Subrogation

34. Plaintiff re-states and re-alleges all of the previous paragraphs and incorporates them by reference as if fully stated herein.

35. Upon information and belief, the Mortgage is a purchase money mortgage, and at the time of the loan closing, the lender's funds were used to allow Defendants to purchase and obtain title to the Mortgaged Property.

36. Due to errors committed by lender's counsel at the origination of the loan, the Mortgage neglected to include Defendant MEGAN FITZGERALD, an owner of record, as a mortgagor.

37. Although Defendant MEGAN FITZGERALD did not sign the Note or the Mortgage, she was aware of the transaction and personally benefitted from the loan transaction by receiving title to the Mortgaged Property as a joint tenant with right of survivorship.

38. Under the principles of equitable subrogation, the subject Mortgage is entitled to priority over the interest of Defendant MEGAN FITZGERALD in the amount of ONE HUNDRED EIGHTY THOUSAND THREE HUNDRED SEVENTY SIX and 30/100 U.S. Dollars ($180,334.24) as of November 26, 2019 (the "equitable lien"), which equals the sums paid by the lender on the property owners' behalf. Without the finding of an equitable lien, Defendant MEGAN FITZGERALD would be unjustly enriched.

WHEREFORE, Plaintiff, CITIMORTGAGE, INC., requests judgment as follows:

a) declaring that Defendants RONNIE L. GROVE and MEGAN FITZGERALD have defaulted under the terms of the Note and Mortgage, thereby entitling Plaintiff to exercise all of the remedies provided for in those instruments;

b) that Defendants RONNIE L. GROVE and MEGAN FITZGERALD are indebted to Plaintiff in the total amount of ONE HUNDRED EIGHTY THOUSAND THREE HUNDRED SEVENTY SIX and 30/100 U.S. Dollars ($180,334.24) as of November 26, 2019, as described herein; plus all additional unpaid principal, interest, costs, expenses, and attorney's fees incurred by Plaintiff during the pendency of this matter or otherwise as of the date of judgment, plus interest accruing thereafter at the legal rate until the judgment is satisfied;

c) recognizing Plaintiff CITIMORTGAGE, INC.'s Mortgage to a be a valid first priority Mortgage against the Mortgaged Premises, and enforcing and foreclosing Plaintiff CITIMORTGAGE, INC.'s lien, and ordering the Mortgaged Property to be sold in satisfaction of the total indebtedness in accordance with the provisions of V.I. CODE ANN. tit. 28, § 531 *et seq.*;

d) awarding a personal judgment against Defendant RONNIE L.W. GROVE A/K/A RONNIE L. GROVE for any deficiency if this judgment is not satisfied after such sale;

e) declaring that the subject Mortgage is entitled to priority over the interest of Defendant MEGAN FITZGERALD and awarding awarding Plaintiff CITIMORTGAGE, INC. an equitable lien in the amount of ONE HUNDRED EIGHTY THOUSAND THREE HUNDRED SEVENTY SIX and 30/100 U.S. Dollars ($180,334.24), equal to the sums paid by the lender on the property owners' behalf;

f) granting possession of the Mortgaged Property to Plaintiff CITIMORTGAGE, INC. or the purchaser at the foreclosure sale against Defendant(s) or anyone holding under them;

  g) awarding Plaintiff CITIMORTGAGE, INC. the costs and fees incurred by it in protecting its rights in the Mortgaged Premises, including but not limited to real property taxes and insurance premiums respecting the Mortgaged Property during the pendency of this action and prior to the foreclosure sale thereof; together with post judgment interest on the judgment amount, costs and reasonable attorneys' fees;

  h) declaring that Defendants RONNIE L. GROVE and MEGAN FITZGERALD and all persons claiming from and under them are barred and forever foreclosed of all right, title lien, claim, and equity of redemption in and to the Mortgaged Property, subject only to the statutory right of redemption except where waived and released; and

  i) awarding Plaintiff CITIMORTGAGE, INC. any such other and further relief as the Court deems proper under the circumstances.

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief. I declare that to the best of my knowledge and belief the following facts are also true and correct:

1. The Plaintiff is entitled to enforce the note and mortgage.

2. The allegations regarding default are true and accurate.

3. Any notice(s) required pursuant to the terms of the note and mortgage has/have been sent.

4. The Plaintiff has retained the law firm of Quintairos, Prieto, Wood & Boyer, P.A. in this action and is obligated to pay its attorney's fees and costs for services rendered herein. Pursuant to the terms of the note and mortgage and consistent with applicable law, Plaintiff is entitled to an award of attorney's fees.

CENLAR, FSB as Servicer for CITIMORTGAGE, INC.

_____

Name: Kerene McFarlane
Title: Vice President-Document Execution
Date: 11/14/19

**State of**
**County of**

The foregoing instrument was sworn to or affirmed before me this 14th day of November, 2019, by Kerene McFarlane as VP-Document Execution of CENLAR, FSB, on behalf of said entity.

_____
Notary Public, State of New Jersey
My Commission Expires: 01/31/2022

JILLIAN M. HURLEY
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires January 31, 2022
ID# 2456098

Respectfully submitted,

Quintairos, Prieto, Wood & Boyer, P.A.
1000 Blackbeard's Hill, Suite 10
St. Thomas, VI 00802

*Mailing Address:*
255 South Orange Avenue, Suite 900
Orlando, Florida 32801
Phone: (855) 287-0240
Fax: (855) 287-0211

/s/ Matthew R. Reinhardt
Matthew R. Reinhardt, Esq.
VI Bar No. 1265
Matthew.Reinhardt@qpwblaw.com